UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHAVI WILLIAMS,

        Plaintiff,

v.

GOLDMAN, PRICE & ASSOCIATES, LLC,

        Defendant.
_____/

Case No. 11-15667

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
and CERTIFICATION OF FACTS FOR CONTEMPT (Dkt. 30)**

### I.    PROCEDURAL HISTORY

On December 28, 2011, plaintiff Schavi Williams brought this civil action against defendant Goldman, Price & Associates, LLC, asserting a claim for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Dkt. 1). Plaintiff filed her first amended complaint on April 4, 2012, naming Megan Vandeviver and Viking Holding Group, Inc. d/b/a Goldman, Price & Associates, LLC as defendants. (Dkt. 9). On October 24, 2012, the Court entered a default judgment in favor of plaintiff and against all defendants. (Dkt. 29). The judgment remained unpaid, and plaintiff served defendants with post-judgment discovery pursuant to Fed. R. Civ. P. 69. Defendants failed to respond to the discovery and, on February 25, 2013, plaintiff filed a motion to compel defendants to respond to plaintiff's post-judgment

1

discovery. (Dkt. 30). That motion was referred to the undersigned on February 26, 2013 (Dkt. 31), and on March 8, 2013, the Court entered a scheduling order on plaintiff's motion to compel and setting the hearing for plaintiff's motion for April 11, 2013. (Dkt. 32). Defendants failed to respond to plaintiff's motion or to appear at the hearing, and on April 12, 2013, this Court entered an order granting plaintiff's motion to compel and directing defendants to appear before this Court on May 2, 2013 to show cause why they should not be sanctioned for failing to respond to plaintiff's post judgment discovery requests. (Dkt. 35). The May 2, 2013 date was subsequently amended, via order, to June 6, 2013. (Dkt. 36). Defendants failed to appear at the June 6, 2013 hearing, or otherwise explain their failure to appear.

For the reasons that follow, the undersigned **RECOMMENDS** that defendants Megan Vandeviver and Viking Holding Group, Inc. d/b/a Goldman Price & Associates, LLC be ordered to appear before the District Judge on a date certain to show cause why they should not be adjudged in contempt of this Court by reason of the facts certified in this Report and Recommendation.

## II. CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGE'S ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil

contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–defendants' failure to comply with a court order–would constitute a civil contempt; therefore, the undersigned must proceed under the above section. The accepted procedure is to certify the facts supporting a finding of contempt within the context of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045 (6th Cir. 1996); *see also Total Quality Logistics, LLC v. TW Transp. Solutions, LLC*, 2012 WL 2045948, at *1-2 (S.D. Ohio June 6, 2012), *adopted by* 2012 WL 3229192 (S.D. Ohio Aug. 6, 2012).

## III. CERTIFICATION OF FACTS

On October 24, 2012, the Court entered a default judgment in favor of plaintiff Schavi Williams and against Defendants Megan Vandeviver and Viking Holding Group, Inc. d/b/a Goldman, Price & Associates, LLC., awarding plaintiff: (1) $1,000.00 statutory damages for defendants' violation of the FDCPA; (2) $2,650.00 actual damages, as established by plaintiff's affidavit, for defendants' violation of the FDCPA; (3) $3,486.50 for plaintiff's attorneys' fees; and (4) $555.00 for plaintiff's costs, for a total judgment in the amount of $7,691.50. (Dkt. 29).

Plaintiff states that she served defendant Viking Holding Group, Inc. d/b/a Goldman, Price & Associates, LLC with post-judgment discovery, pursuant to Fed. R. Civ. P. 69, seeking information about defendants' income and assets to facilitate enforcement of this Court's judgment in favor of plaintiff. (Dkt. 30). On December 26, 2012, plaintiff served defendant Megan Vandeviver with post-judgment discovery. (*Id.*). Neither defendant responded to plaintiff's post-judgment discovery requests, and on February 25, 2013, plaintiff filed a motion to compel defendants' responses to the post-judgment discovery. (*Id.*). That motion was referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 31).

On March 8, 2013, the Court entered a Scheduling Order and Order

Requiring Compliance with Local Rules 7.1 and 37.1. (Dkt. 32). The Order set a schedule for the disposition of plaintiff's motion to compel responses to post-judgment discovery, and directed plaintiff's counsel to serve a copy of the Order on defendants and file a certificate of service with the Court. (*Id.*). The Order further provided that defendants' failure to file a response to the motion **"may result in sanctions, including granting all or part of the relief requested by the moving party."** (*Id.*) (emphasis in original). On March 8, 2013, plaintiff served on defendants a copy of the Scheduling Order and filed a Certificate of Service with the Court that same day. (Dkt. 33). Defendants failed to respond to plaintiff's motion to compel.

A telephonic hearing on plaintiff's motion to compel was held before the undersigned on April 11, 2013, at which plaintiff appeared through counsel. (Dkt. entry 4/11/2013). Defendants did not appear for the hearing. (*Id.*). The Court granted plaintiff's motion to compel and ordered:

> By May 2, 2013, Defendants shall:
>
> a. Pay in full the Judgment entered on October 24, 2012 against Defendants and in favor of Plaintiff in the amount of $7,691.50, <u>or</u>
> b. Respond to Plaintiff's post-judgment discovery requests, <u>or</u>
>
> c. **Appear before this Court on May 2, 2013 at 11:00 a.m., to show cause why they should not be sanctioned for failing to respond to Plaintiff's**

5

**post judgment discovery requests.**

(Dkt. 35 (emphasis added)).

The show cause hearing was rescheduled for June 6, 2013 at 3:00 p.m. before the undersigned, and an amended order to show cause was issued on May 3, 2013. (Dkt. 36). On June 6, 2013, plaintiff filed Certificates of Service evidencing that defendants Megan Vandeviver and Viking Holdings, Inc. d/b/a Goldman, Price & Associates, LLC were served with the Amended Order on May 8, 2013. (Dkt. 37, 38). The show cause hearing was held before the undersigned on June 6, 2013, and defendants did not appear or otherwise explain their failure to appear or answer the post-judgment discovery requests. (6/6/2013 Dkt. entry). At the hearing, plaintiff requested enforcement of the court's order, including holding defendants in contempt and additional relief in the form of issuance of a writ of body attachment. (*Id.*). The court took plaintiff's request for additional relief under advisement. (*Id.*).

## IV. ANALYSIS

In order to hold a defendant in contempt the movant must produce clear and convincing evidence that the defendant violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that the defendant did so with knowledge of the court's order. *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d

373, 379 (6th Cir. 2003). As shown by the above Certification of Facts, plaintiff has satisfied that requirement. Defendants' conduct constitutes disobedience of the April 12 and May 3, 2013 Orders of the Court ordering defendants to pay the judgment in full, or respond to plaintiff's post-judgment discovery, or appear before the Court to show cause why they should not be sanctioned for failing to respond to plaintiff's post-judgment discovery requests. Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that where a party or party's officer, director, or managing agent fails to obey an order to permit discovery, the Court may issue further just orders, including "treating as contempt of court the failure to obey any order . . . ." The purpose of a contempt proceeding is to "enforce the message that court orders and judgments are to be taken seriously." *Electrical Workers Pension Trust Fund*, 340 F.3d at 385 (citation omitted). Once plaintiff establishes her prima facie case, the burden shifts to defendants who may defend by coming forward with evidence showing that they are presently unable to comply with the court's order. *See United States v. Rylander*, 460 U.S. at 757. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

    In the instant case, defendants' failure to respond to the Court's April 12 and May 3, 2013 Orders compelling discovery and failure to appear before the Court

after being ordered to do so by the undersigned constitutes disobedience of lawful court orders and thus contempt before the undersigned magistrate judge. To date, defendants have been noncompliant with the orders of this Court and have not shown they have taken any steps, let alone "reasonable" steps, to comply with this Court's April 12 and May 3, 2013 Orders. Nor did defendants appear in Court on June 6, 2013 to explain why they failed to comply with the Court's Orders. Thus, plaintiff has shown by clear and convincing evidence that defendants are in civil contempt of court, and sanctions are therefore appropriate.

The purpose of civil contempt is compensatory and remedial, not punitive. *In the Matter of Grand Jury Investigation*, 748 F. Supp. 1188, 1199 (E.D. Mich. 1990). "The district court has inherent authority to fashion the remedy for contumacious conduct." *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006). "With respect to civil contempt proceedings, '[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Electrical Workers Pension Trust Fund*, 340 F.3d at 379. The undersigned recommends that defendants be sanctioned in the amount of $2,000.00 for their contempt.

Plaintiff also requested the issuance of a writ of body attachment to bring the defendants before the Court. However, as both defendants appear to reside in New

York (Dkt. 37, 38), the undersigned recommends instead that plaintiff register and enforce the judgment in the federal district court where defendants reside, pursuant to 28 U.S.C. § 1963. Plaintiff will need to obtain from the Clerk of the Court a "Certification of Judgment for Registration in Another District" form. The Clerk of the Court will prepare the certificate and attach a conformed copy of the Judgment for Registration in this case. This Certification may then be filed in the Federal District Court where plaintiff seeks to enforce the judgment. On filing, the judgment becomes a judgment of that District and plaintiff can immediately seek to enforce the judgment.

### V. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that: (1) defendants Megan Vandeviver and Viking Holding Group, Inc. d/b/a Goldman Price & Associates, LLC be ordered to appear before the Honorable Patrick J. Duggan on a date certain to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation; and (2) that defendants be ordered to pay plaintiff, in addition to the Judgment in this case, the sum of $2,000.00 as a sanction for civil contempt.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 30, 2013              s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on September 30, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Larry P. Smith, Patrick G. Gagniuk, and David M. Marco</u> and that I have mailed by U.S. Postal Service to the following: <u>Viking Holding Group, Inc., d/b/a Goldman, Price & Associates, LLC, c/o James MacKinnon, 10290 Clarence Center Road, Clarence, NY 14031; Viking Holding Group, Inc. d/b/a Goldman, Price & Associates, LLC, 3840 E. Robinson Road, Suite 113, Amherst, NY 14228; Megan Vandeviver, 121 Willow Drive, Tonawanda, NY 14150</u>.

                                          <u>s/Tammy Hallwood</u>
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov